IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRENDAN PATRICK MCCLORY-MAGUIRE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-00020-P-BL |
| MYRON BATTS, Warden, | § | |
| | § | |
| Respondent. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Petitioner Brendan Patrick McClory-Maguire, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. Respondent filed a Response in Opposition, an Appendix in support thereof, and a Notice to Court of Petitioner's Release from Custody. Petitioner has not filed a reply or objections.

Petitioner was incarcerated in the Federal Correctional Institution ("FCI") in Big Spring, Texas, pursuant to a 60-month term of imprisonment imposed by the United States District Court for the Northern District of California when he filed the instant petition. Petitioner challenged a prison disciplinary proceeding alleged to have occurred on June 20, 2014, in this petition. He argued that he was found to have stolen items from the FCI Big Spring Food Service Department but should have been found to have possessed items without authorization, which would have subjected him to lesser sanctions. He requested the restoration of good-conduct time credit disallowed by the Disciplinary Hearing Officer or "comparable compensation such as time served for supervised release."

Petitioner's request for the restoration of good-conduct time credit has been rendered moot by his release from the Bureau of Prisons on April 28, 2015. *See Watkins v. Vasquez*, 451 Fed. Appx. 429, 430 (5th Cir. 2011) (affirming dismissal as moot of federal prisoner's challenge to a prison disciplinary proceeding and request for the restoration of good-conduct time credit because he had been released from prison to start serving a term of supervised release). To the extent that Petitioner seeks to have his term of supervised release reduced for "time served," he did not "seek reduction of supervised release under [18 U.S.C.] § 3583(e)" and the United States District Court for the Northern District of Texas "lack[s] jurisdiction to consider reduction because [Petitioner] was sentenced in the [United States District Court for the Northern District of California], and no transfer of jurisdiction was effected." *Watkins v. Garrett*, 514 Fed. Appx. 443, 444 (5th Cir. 2013).

**Conclusion**

For the reason set forth above, it is **RECOMMENDED** that Civil Action No. 1:15-CV-00020-P-BL be DISMISSED as moot and for want of jurisdiction.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to these proposed findings, conclusions, and recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to timely file specific written objections will bar the aggrieved party from

attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Services, Inc. v. Griffin,* 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

Dated October 2, 2015.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE